IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST C. WOODS,

        Plaintiff,

vs.

TOM L. CAREY, et al.,

        Defendants.

No. CIV S-06-1857 GEB EFB P

ORDER AND
FINDINGS AND RECOMMENDATIONS

      Earnest C. Woods, a prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 and proceeds in forma pauperis. On June 3, 2008, the court dismissed this action under Federal Rule of Civil Procedure 8 on the basis that the complaint was prolix and obscure and that plaintiff had therefore failed to state a claim upon which relief could be granted. Dckt. Nos. 26, 35. Judgment was duly entered. Dckt. No. 38.

      Plaintiff appealed the judgment to the Court of Appeals for the Ninth Circuit. Dckt. No. 40. The Ninth Circuit determined that the complaint should not have been dismissed on this basis, finding that the complaint "delineated a number of claims with sufficient specificity and detail," and remanded the action to this court "for additional proceedings consistent with [its] disposition." Dckt. No. 43 at 2. Accordingly, the court has re-screened the January 31, 2007 amended complaint pursuant to 28 U.S.C. § 1915A.

1

For the reasons set forth below and in the Ninth Circuit's remand, the court finds that plaintiff states a cognizable claim against defendants Cervantes for retaliation in violation of the First Amendment. The court finds that plaintiff's remaining claims are either not cognizable or not properly joined in accordance with the requirements of the Federal Rules of Civil Procedure. The court recommends that those claims be dismissed without leave to amend and this action proceed on plaintiff's retaliation claim against defendant Cervantes.

**I.      Screening Pursuant to 28 U.S.C. § 1915A**

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the

framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)

## II.    Plaintiff's Allegations

Plaintiff names 42 individuals as defendants: Warden Tom L. Carey; Acting Warden D.K. Sisto; Assistant Warden D.R. Johns; Captain N. Fry; Appeals Coordinator Cervantes; Appeals Coordinator Corioso; CCI Baker; CCI Jakura; Sgt. Stubbs; Sgt. Justin; Sgt. Fowler; Sgt. Gomez; Sgt. Ferduson; Librarian Kosher; Librarian Supervisor De Lap; civilian William Wright; Batchelor; Hill; York; Cook; Schroeder; Slagubang; Clay; Smith; Freitas; Boyden; Sable; Stufflebeam; Elam; Fregosa; Velesques; Robinson; Lt. Samms; Lt. Young; Lt. Chirilia; Lt. Fetch; Dr. Chen; Dr. Thor; RN De Chant; L. Martin (NP); MTA Sinchobich; and Ponce. Dckt. No. 24 at 23. In the body of his complaint, plaintiff also includes allegations naming Broyles, Bardon, "psych techs" Smith and Pearson, Quevas and Noriega. *Id.* at 8, 13-14, 23.

Plaintiff alleges that Warden Carey "has trained his staff to automatically white-wash inmate grievances which allow[s] prison officials to have no concern for ever having to be repremanded [sic]." *Id.* at 2. Specifically, plaintiff claims that Carey has failed to properly train and supervise appeals coordinator Cervantes. Plaintiff provides a history of grievances he has filed against numerous prison officials. His grievances cover a wide range of issues and span a

period exceeding two years. They consist of the following: 1) an exhausted appeal against correctional officer Broyles for writing a false disciplinary report; 2) an exhausted appeal based on the accounting/trust staff refusing to allow plaintiff to attend the canteen even though money was in his account; 3) an exhausted appeal against York for refusing to allow plaintiff to attend Jewish services; 4) an exhausted appeal against Batchelor and Hill for accosting and threatening plaintiff; 5) an exhausted appeal against Broyles and librarian Kosher for violating his access to the library and the courts; 6) an appeal against Batchelor and Hill for filing a fraudulent disciplinary report that resulted in placement in administrative segregation; 7) an appeal against Batchelor and Hill for reading plaintiff's mail; 8) an appeal screened out as untimely, and against appeals coordinator Cervantes for admonishing plaintiff for excessive filings; 9) an appeal against Sgt. Fowler for telling plaintiff to go to administrative segregation and informing plaintiff that he had officers Hill and Sable roll up plaintiff's property; 10) an appeal against Bardon for filing a fraudulent disciplinary report and against Fowler who said he would put plaintiff in administrative segregation; 11) an exhausted appeal against Warden Carey for allowing a civilian to search and steal plaintiff's property, including, including a Kosher meal and prescription medication; 12) an appeal that was "illegally screened out" by the appeals coordinator, and against Stufflebeam and librarian Kosher for violating his right to access the library and denying him preferred legal user status when he had a court deadline; 13) an exhausted appeal against Freitas, Sgt. Stubbs and Lt. Chirilia for feeding plaintiff cold Kosher meals; 14) an appeal screened out as untimely against Smith and Clay for excessive force; 15) an appeal against appeals coordinator Cervantes for retaliating against plaintiff by delaying his appeals for technical errors; 16) an exhausted appeal against Clay for dropping plaintiff's Kosher meal on the ground and stealing his food; 17) an appeal screened out by Cervantes, and against Batchelor, Jackera, and Carey for placing plaintiff in administrative segregation without any substantial evidence; 18) an appeal that was screened out, and against Captain N. Fry for violating plaintiff's due process rights; 19) an appeal against appeals coordinator Cervantes for

charging plaintiff for a blank form; 20) an appeal against Schroeder regarding a religious and racial epithet; 21) an appeal against Baker for refusing to allow him the opportunity to review his central file and trying to suppress evidence of plaintiff's innocence before the Board of Prison Terms; 22) an appeal regarding being unable to attend the canteen even though he had money in his account because of an erroneous disciplinary report; 23) an appeal against Smith for excessive force and denying plaintiff a shower; 24) an appeal against Cook regarding desecration of plaintiff's Kosher meal and denial of a shower on Yom Kippur; and 25) an appeal regarding a conversation with Lt. Fletch and how Smith, Fanning and Schroeder forced plaintiff to eat cold food. *Id.* at 6-12.

Plaintiff's complaint also includes allegations relating to appeals he filed regarding his medical needs. These include: 1) an exhausted appeal regarding whether plaintiff should stop taking Naproxen and Vioxx; 2) an appeal regarding staff dispensing the wrong prescription of Tagament, which was responded to by L. Martin (NP), to which plaintiff alleges, conflicted with his doctor's orders; and 3) an appeal against "psych techs" Smith and Pearson, who failed to dispense the proper amount of prescribed tablets to plaintiff, and against other staff who refused plaintiff medical treatment/medication for six days, which forced plaintiff to call for emergency attention. Plaintiff alleges further that De Chant knew about these six days and refused to talk to Dr. Noriega about it, which exacerbated the problem. Additionally, plaintiff claims correctional officer Quevas retaliated against him for filing an appeal, by searching plaintiff's cell and confiscating his medication. *Id.* at 12-15. Plaintiff suggests that years of taking Ibuprofen and Naproxen caused his Esophagitis, but that Dr. Chen and Dr. Thor stated that these pain relievers were not the cause of plaintiff's stomach problems. *Id.* at 15-16.

Plaintiff also alleges that he was placed in administrative segregation as a result of an "illegal" disciplinary report written by Fregosa. Plaintiff claims his due process rights, as well as his Fifth and Sixth Amendment rights, were violated at the related disciplinary hearing. *Id.* at 17.

5

Plaintiff claims staff at California State Prison Solano transferred plaintiff to the Correctional Training Facility ("CTF"), knowing there was no Kosher meal program in place, in violation of the Cooper Settlement Agreement. Plaintiff claims he was placed in administrative segregation and was denied yard privileges/outdoor exercise for five months because he is a Hebrew/Israelite. Plaintiff claims he did not receive all of his property after being transferred to CTF and that staff at Solano stole it. *Id.* at 17-18.

### III.     Improperly Joined Claims

The incidents alleged in plaintiff's complaint encompass events alleged to have occurred at both California State Prison Solano and the Correction Training Facility. They span a multi-year period and concern everything from false disciplinary reports, religious exercise, access to the courts, retaliation, excessive force, and denial of medical care, among many others. The incidents are related in that plaintiff appears to allege that defendants Carey and Cervantes were responsible for the way in which many of plaintiff's administrative appeals regarding the incidents listed above were handled. However, most of the incidents are factually distinct from the others, in that they rely on a discrete sets of facts regarding the conduct of separate defendants.

Plaintiff may not bring all of the claims alleged in the complaint in a single lawsuit. Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any

6

prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

The court will allow plaintiff to proceed in this action on his claim against defendant Cervantes for retaliation in violation of the First Amendment. The court finds that the remaining claims are either not cognizable or have been improperly joined in a single lawsuit. Plaintiff's complaint includes a long list of unrelated claims that simply do not belong in the same lawsuit and this defect cannot be corrected by amendment. With the exception of plaintiff's claim against defendant Carey, as explained below, all remaining claims should be dismissed without prejudice to plaintiff bringing them in separate lawsuits.

To the extent plaintiff seeks to impose liability on Cervantes for allegedly retaliating against plaintiff because of inmate grievances plaintiff filed against Cervantes or other prison officials, plaintiff has state a cognizable First Amendment retaliation claim. However, the alleged failings of Cervantes with respect to plaintiff's inmate appeals cannot support a claim for relief for a due process violation. There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). To the extent plaintiff alleges a due process claim against Cervantes, it should be dismissed without leave to amend.

While plaintiff alleges a related claim, that defendant Carey failed to properly train and supervise defendant Cervantes, plaintiff indicates that he only names Carey because of his supervisory role. *See* Dckt. No. 24 at 2. There is no respondeat superior liability under § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). That is, plaintiff may not sue any supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. A

7

supervisor may be liable "for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege with any particularity that defendant Carey personally violated plaintiff's rights. Nor does plaintiff allege with sufficient factual detail that Carey directed or authorized any actions of Cervantes that amounted to a violation of plaintiff's constitutional rights. *Iqbal*, 129 S. Ct. at 1948; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's claims against Carey must therefore be dismissed, but plaintiff will be given leave to amend to state a cognizable claim against Carey that is related to his claim against Cervantes.

Thus, plaintiff may proceed forthwith to serve defendant Cervantes and pursue his retaliation claim against him or he may delay serving Cervantes and attempt to state a cognizable and related claim against defendant Carey.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendant Carey, he has 30 days so to do. He is not obligated to amend his complaint. However, if plaintiff elects to proceed forthwith against defendant Cervantes, against whom he has stated a cognizable claim for relief, then within 30 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendant Carey, without prejudice.

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

*Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Unrelated claims against different defendants must be pursued in multiple lawsuits. *See* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claim against defendant Cervantes.

9

Accordingly, the court hereby orders that:

1. Claims against defendant Carey are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against defendant Carey. Plaintiff is not obligated to amend his complaint.

2. The allegations in the pleading are sufficient at least to state a cognizable retaliation claim against defendant Cervantes. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed January 31, 2007, one USM-285 form and instructions for service of process on defendant Cervantes. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and two copies of the January 31, 2007 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendant Cervantes will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendant Carey without prejudice.

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Further, it is hereby RECOMMENDED that plaintiff's due process claim against defendant Cervantes be dismissed with prejudice and that all remaining claims be dismissed without prejudice to plaintiff bringing them in separate civil rights actions.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

10

1 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 Dated: April 26, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST C. WOODS,

      Plaintiff,                    No. CIV S-06-1857 GEB EFB P

    vs.

TOM L. CAREY, et al..              NOTICE OF SUBMISSION OF DOCUMENTS

_____/

      In accordance with the court's order filed _____, plaintiff hereby elects to:

      (1) _____ consent to the dismissal of defendant Carey without prejudice, and submits the following documents:

          1      completed summons form

          1      completed forms USM-285

          2      copies of the January 31, 2007 Amended Complaint

**OR**

      (2) _____ delay serving defendant Cervantes and files a second amended complaint in an attempt to state a cognizable claim against defendant Carey.

Dated:

                                                                  Plaintiff