IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST C. WOODS,

    Plaintiff,                      No. CIV S-06-1857 GEB EFB P

    vs.

TOM L. CAREY, et al.,

    Defendants.          <u>ORDER</u>

                              /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On April 26, 2010, the undersigned found that plaintiff's second amended complaint stated a cognizable retaliation claim against defendant Cervantes. The court granted plaintiff leave to amend, if he so desired, for the limited purpose of stating a related, and cognizable claim against defendant Carey. The court found that the remaining claims were either not cognizable or were improperly joined in a single lawsuit and recommended that such claims be dismissed without prejudice to plaintiff bringing them in separate civil rights actions.[1] In making this recommendation, the court noted that plaintiff had named 42 defendants, and that

---

[1] On July 22, 2010, the district judge adopted those findings and recommendations in full. Dckt. No. 52.

1

his allegations consisted of a list of dozens of inmate appeals he had filed over the course of several years, at several institutions, against numerous individuals, and regarding a wide range of issues. In granting plaintiff leave to amend for the limited purpose of stating a cognizable claim against defendant Carey, the court reminded plaintiff that unrelated claims against different defendants must be pursued in multiple lawsuits. Dckt. No. 47 at 9. Further, the court warned plaintiff that a long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of the court's instructions. *Id.*

Plaintiff has filed a third amended complaint, which fails to comply with the instructions in the court's April 26, 2010 order and fails to correct the deficiencies identified in that order. The court granted plaintiff leave to file an amended complaint, limited to a retaliation claim against Cervantes, and a related claim against defendant Carey, because the remaining allegations were either not cognizable or improperly joined.

While plaintiff includes allegations against defendants Cervantes and Carey in his third amended complaint, plaintiff now fails to state a claim against either defendant. As for defendant Cervantes, plaintiff alleges that he failed to process and/or screened out several of his inmate appeals. In the April 26, 2010 order, the court informed plaintiff that a prison official's failure to process grievances, without more, is not actionable under § 1983. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). While inmates have a federal right to petition for redress of grievances and to file suit without being subjected to retaliation, plaintiff's conclusory allegations do not support such a claim. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). To prove retaliation, plaintiff must show that a

state actor took some adverse action against him because of his protected conduct, and that such action chilled the inmate's exercise of his First Amendment rights and did not reasonably advance a legitimate penological purpose. *See Rhodes*, 408 F.3d at 567-68 (9th Cir. 2005); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In the third amended complaint, plaintiff does not allege that Cervantes failed to process any grievance in retaliation for exercising a constitutionally-protected right, or in retaliation for filing a grievance.

As a threshold matter with respect to defendant Carey, the court notes that plaintiff's allegations do not appear related to the allegations against Cervantes. As explained in the April 26, 2010 order, and for a second time below, unrelated claims against different defendants must be pursued in separate lawsuits. As to Carey, plaintiff merely alleges the fact that he has filed inmate appeals against defendant Carey based on various policies that Carey allegedly created. If plaintiff wishes to challenge the policies created by Carey, plaintiff must say so in an amended complaint, and must provide facts showing how each challenged policy resulted in a deprivation of plaintiff's federal rights. Plaintiff also alleges that Carey "personally participated" in an institutional classification hearing where plaintiff was assessed ninety days in administrative segregation, and that Carey threatened plaintiff for filing grievances. To the extent plaintiff wishes to state a retaliation claim against Carey, plaintiff's conclusory allegations are insufficient, as plaintiff does not allege what Carey threatened him with or how such a threat constituted an "adverse action" for purposes of a retaliation claim. To the extent plaintiff desires to state a claim based upon an alleged denial of due process at his classification hearing, the court notes that the Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In a disciplinary proceeding where a liberty interest is at stake, due process requires that minimum procedural requirements be met, including: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for

3

taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Wolff*, 418 U.S. at 564-70. Plaintiff's allegation, that Carey participated in a hearing, fails to state a cognizable due process claim.

Additionally, the third amended complaint purports to name a total of 45 defendants, and the allegations consist of a list of dozens of inmate appeals plaintiff has filed against various prison officials, regarding a broad range of concerns and covering a period spanning several years. It is not clear whether the list of grievances is provided for background purposes, or whether plaintiff seeks to impose liability on each named individual based upon the conduct described, in a vague and conclusory manner, with respect to each grievance. Like the second amended complaint, most of the incidents alleged are factually distinct for the others, in that they rely on a discrete set of facts regarding the conduct of separate defendants.

Plaintiff may not bring all of the claims alleged in the third amended complaint in a single lawsuit. Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

Because plaintiff fails to state a claim, includes claims that are improperly joined and

fails to comply with the court's instructions regarding the filing of an amended complaint, as discussed above, the court must dismiss the complaint.  However, plaintiff is granted leave to file, within thirty days, a fourth amended complaint that corrects the deficiencies addressed herein.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  However, plaintiff is admonished that any fourth amended complaint must strictly adhere to the directives set forth herein.  Failure to do so will result in a recommendation that this action be dismissed without further leave to amend.

     In a fourth amended complaint, should one be filed, plaintiff is encouraged to set forth a short and plain statement of the relevant facts, followed by a brief statement of each legal claim.  Plaintiff need not identify the law that makes the alleged conduct wrong.   He may use his own language to state, simply and directly, the wrong that has been committed and clearly explain how each state actor identified as a defendant was involved and what relief plaintiff requests of each defendant.  *Jones v. Community Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984); *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978).  Plaintiff shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant.  He shall not include any new claims or defendants and shall remove from his fourth amended complaint any claims and defendants that do not adhere to the directives set forth herein.

     Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110; *Ferdik*, 963 F.2d at 1262-63 (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended civil rights complaint); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (affirming dismissal with prejudice for pro se prisoner's failure to comply with order requiring filing of amended habeas petition); *Moore v. United States*, 193 F.R.D. 647, 653 (N.D. Cal. 2000) (denying motion for leave to file third amended complaint and dismissing action with prejudice for pro se plaintiff's failure to comply with Rule 8); *Franklin v. Murphy*, 745 F.2d 1221, 1232-33 (9th Cir. 1984) (affirming dismissal with prejudice for pro se prisoner's failure to prosecute); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal without prejudice for pro se prisoner's failure to comply with local rule requiring he notify the court of any change of address).

Accordingly, it hereby is ordered that plaintiff's third amended complaint is dismissed with leave to amend within 30 days. Any amended complaint must bear the docket number assigned to this case and be titled "Fourth Amended Complaint." Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: September 23, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE