IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST CASSELL WOODS, II,

    Plaintiff,                    No. CIV S-06-1857 GEB EFB P

    vs.

TOM L. CAREY,

    Defendants.           <u>ORDER</u>

                                /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  On October 15, 2010, plaintiff filed "objections" to the undersigned's September 23, 2010 order, dismissing plaintiff's third amended complaint with leave to amend.  Dckt. Nos. 59, 60.  The court construes plaintiff's objections as a request for reconsideration of that order. In his motion, plaintiff also asked that the undersigned be recused from this action.

       Although motions to reconsider are directed to the sound discretion of the court, *Frito-Lay of Puerto Rico, Inc. v. Canas*, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus, Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances . . . [which] were not shown upon such prior motion, or what other grounds exist for the motion."  The rule derives from the "law of the case" doctrine which

provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." *Handi Investment Co. v. Mobil Oil Corp.*, 653 F.2d 391, 392 (9th Cir. 1981); *see also Waggoner v. Dallaire*, 767 F.2d 589, 593 (9th Cir. 1985), *cert. denied*, 475 U.S. 1064 (1986). In his motion, plaintiff offers further explanation for the allegations in his third amended complaint. If plaintiff wishes to cure the deficiencies identified by the court in its September 23, 2010 order, plaintiff should do so in a fourth amended complaint, rather than in a motion for reconsideration. Plaintiff has failed to demonstrate any new or different facts or circumstances which did not exist or were not shown when the court dismissed the third amended complaint with leave to amend, and thus, his motion is denied. *See* L.R. 230(j).

As noted, plaintiff also moves to recuse the undersigned from this action. A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice concerning a party, 28 U.S.C. § 455(b)(1). The decision regarding disqualification is made by the judge whose impartiality is at issue. *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994). The test for disqualification under section 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Winston*, 613 F.2d 221, 222 (9th Cir. 1980). Evaluations of impartiality, bias or prejudice under section 455 are made using an objective standard. *Id.* Evaluated under this objective standard, plaintiff's motion fails to demonstrate personal bias or lack of impartiality. Plaintiff's motion is therefore denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's October 15, 2010 "objections," construed as a motion for reconsideration and recusal, is denied. Plaintiff shall, within 30 days

////

////

////

from the date of this order, file an amended complaint in accordance with the court's September 23, 2010 order.  Failure to do so will result in a recommendation that this action be dismissed.

Dated: November 2, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE