IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST C. WOODS,

      Plaintiff,                     No. CIV S-06-1857 GEB EFB P

   vs.

TOM L. CAREY, et al.,

      Defendants.          <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Currently before the court is plaintiff's fourth amended complaint. Dckt. No. 65. Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). For the reasons stated herein, the court will dismiss the fourth amended complaint and provide plaintiff with one final opportunity to amend.

1

## I.     Procedural History

On June 3, 2008, the court dismissed this action under Federal Rule of Civil Procedure 8 on the basis that plaintiff's second amended complaint was prolix and obscure and that plaintiff had therefore failed to state a claim upon which relief could be granted. Dckt. Nos. 26, 35. Judgment was duly entered. Dckt. No. 38.

Plaintiff appealed the judgment to the Court of Appeals for the Ninth Circuit. Dckt. No. 40. On July 6, 2009, the Ninth Circuit determined that the complaint should not have been dismissed on this basis, finding that the complaint "delineated a number of claims with sufficient specificity and detail," and remanded the action to this court "for additional proceedings consistent with [its] disposition." Dckt. No. 43 at 2.

Therefore, on April 26, 2010, the court re-screened the second amended complaint pursuant to 28 U.S.C. § 1915A. Dckt. No. 47. The court found that plaintiff's second amended complaint stated a cognizable retaliation claim against defendant Cervantes. The court granted plaintiff leave to amend, if he so desired, for the limited purpose of stating a related, and cognizable claim against defendant Carey. The court found that the remaining claims were either not cognizable or were improperly joined in a single lawsuit and these claims were dismissed without prejudice to plaintiff bringing them in separate civil rights actions. Dckt. Nos. 47, 52.

On May 28, 2010, plaintiff filed a third amended complaint. Dckt. No. 50. The court screened the third amended complaint and dismissed it with leave to amend. Dckt. No. 59. In the screening order, the court stated:

> Plaintiff has filed a third amended complaint, which fails to comply with the instructions in the court's April 26, 2010 order and fails to correct the deficiencies identified in that order. The court granted plaintiff leave to file an amended complaint, *limited to a retaliation claim against Cervantes, and a related claim against defendant Carey, because the remaining allegations were either not cognizable or improperly joined.*
>
> While plaintiff includes allegations against defendants Cervantes and Carey in his third amended complaint, plaintiff now fails to state a claim against either

2

defendant. As for defendant Cervantes, plaintiff alleges that he failed to process and/or screened out several of his inmate appeals. In the April 26, 2010 order, the court informed plaintiff that a prison official's failure to process grievances, without more, is not actionable under § 1983. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). While inmates have a federal right to petition for redress of grievances and to file suit without being subjected to retaliation, plaintiff's conclusory allegations do not support such a claim. *See Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). *To prove retaliation, plaintiff must show that a state actor took some adverse action against him because of his protected conduct, and that such action chilled the inmate's exercise of his First Amendment rights and did not reasonably advance a legitimate penological purpose. See Rhodes*, 408 F.3d at 567-68 (9th Cir. 2005); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In the third amended complaint, plaintiff does not allege that Cervantes failed to process any grievance in retaliation for exercising a constitutionally-protected right, or in retaliation for filing a grievance.

As a threshold matter with respect to defendant Carey, the court notes that plaintiff's allegations do not appear related to the allegations against Cervantes. As explained in the April 26, 2010 order, and for a second time below, unrelated claims against different defendants must be pursued in separate lawsuits. As to Carey, plaintiff merely alleges the fact that he has filed inmate appeals against defendant Carey based on various policies that Carey allegedly created. If plaintiff wishes to challenge the policies created by Carey, plaintiff must say so in an amended complaint, and must provide facts showing how each challenged policy resulted in a deprivation of plaintiff's federal rights. Plaintiff also alleges that Carey "personally participated" in an institutional classification hearing where plaintiff was assessed ninety days in administrative segregation, and that Carey threatened plaintiff for filing grievances. To the extent plaintiff wishes to state a retaliation claim against Carey, plaintiff's conclusory allegations are insufficient, as plaintiff does not allege what Carey threatened him with or how such a threat constituted an "adverse action" for purposes of a retaliation claim. To the extent plaintiff desires to state a claim based upon an alleged denial of due process at his classification hearing, the court notes that the Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In a disciplinary proceeding where a liberty interest is at stake, due process requires that minimum procedural requirements be met, including: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Wolff*, 418 U.S. at 564-70. Plaintiff's allegation, that Carey participated in a hearing, fails to state a cognizable due process claim.

Additionally, the third amended complaint purports to name a total of 45 defendants, and the allegations consist of a list of dozens of inmate appeals plaintiff has filed against various prison officials, regarding a broad range of concerns and covering a period spanning several years. It is not clear whether the list of grievances is provided for background purposes, or whether plaintiff seeks to impose liability on each named individual based upon the conduct described, in a vague and conclusory manner, with respect to each grievance. Like the second amended complaint, most of the incidents alleged are factually distinct for the others, in that they rely on a discrete set of facts regarding the conduct of separate defendants.

Plaintiff may not bring all of the claims alleged in the third amended complaint in a single lawsuit. Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

Because plaintiff fails to state a claim, includes claims that are improperly joined and fails to comply with the court's instructions regarding the filing of an amended complaint, as discussed above, the court must dismiss the complaint.

*Id.* at 2-4 (emphasis added). The court also granted plaintiff leave to file a fourth amended complaint. The court specifically admonished plaintiff that any fourth amended complaint must strictly adhere to the directives set forth by the court and failure to do so would result in a recommendation that this action be dismissed without further leave to amend. *Id.* at 5-6.

## II.     Fourth Amended Complaint

Plaintiff's fourth amended complaint is nearly identical to the third amended complaint. *See* Dckt. No. 65. The court will therefore dismiss it for the same reasons it dismissed the third amended complaint – failure to state a claim, improper joining of claims, and failure to comply with the court's instructions regarding the filing of an amended complaint. The court will grant plaintiff *one final opportunity* to amend his complaint.

////

4

In any amended complaint plaintiff must list the defendants' names in the caption and also identify the defendants by name in the body.  Plaintiff must specifically allege what act or omission of each defendant allegedly violated plaintiff's federally protected rights.  For example, rather than just listing the many inmate appeals that plaintiff has filed, he must specifically allege what adverse action Cervantes has taken against him, *and why* Cervantes has allegedly taken such action.  In accordance with the court's previous screening orders, any amended complaint must be limited to a retaliation claim against Cervantes, and a related claim, if any, against defendant Carey.  Plaintiff's remaining claims have been dismissed from this action because they were either not cognizable or they were improperly joined.  Dckt. No. 52.  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is again admonished that any fifth amended complaint must strictly adhere to the directives set forth in this order, as well as the court's previous orders.  Plaintiff is further admonished that this will be his final opportunity to file an amended complaint.

### III. Order

Accordingly, it hereby is ordered that plaintiff's fourth amended complaint is dismissed with leave to amend within 30 days.  Any amended complaint must bear the docket number assigned to this case and be titled "Fifth Amended Complaint."  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: March 24, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE