IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST C. WOODS,

           Plaintiff,                    No. CIV S-06-1857 GEB EFB P

       vs.

TOM L. CAREY, et al.,

           Defendants.            ORDER AND
                                      FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  This case was referred to the undersigned under Local Rule 302(c)(17), pursuant to 28 U.S.C. § 636(b)(1).  Currently pending before the court is plaintiff's fifth amended complaint, filed after the court dismissed the fourth amended complaint pursuant to 28 U.S.C. § 1915A, and granted plaintiff one final opportunity to amend.  Also pending is plaintiff's motion for a temporary restraining order.

**I.    Background**

       On June 3, 2008, the court dismissed this action under Federal Rule of Civil Procedure 8 on the basis that plaintiff's second amended complaint was prolix and obscure and that plaintiff had therefore failed to state a claim upon which relief could be granted.  Dckt. Nos. 26, 35. Judgment was duly entered. Dckt. No. 38.

1

Plaintiff appealed the judgment to the Court of Appeals for the Ninth Circuit.  Dckt. No. 40.  On July 6, 2009, the Court of Appeals determined that the complaint should not have been dismissed on this basis, finding that the complaint "delineated a number of claims with sufficient specificity and detail,"and remanded the action to this court "for additional proceedings consistent with [its] disposition."  Dckt. No. 43 at 2.

Therefore, on April 26, 2010, the court re-screened the second amended complaint pursuant to 28 U.S.C. § 1915A.  Dckt. No. 47.  The court explained that pursuant to 28 U.S.C. § 1915A(a), it is directed to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant.

In its screening order, the court summarized the second amended complaint's extensive and apparently unrelated allegations against 42 defendants.  The court noted that most of the allegations simply documented the numerous inmate appeals plaintiff had filed over the course of several years, regarding a wide range of issues, and claimed that Carey, the warden, and Cervantes, the appeals coordinator had "white-washed" the appeals process.  Construing the complaint liberally, the court determined plaintiff could proceed on a First Amendment retaliation claim against defendant Cervantes and dismissed the remaining claims because they were either not cognizable or were improperly joined in a single lawsuit.  Dckt. Nos. 47, 52.  The court granted plaintiff leave to amend, if he so desired, for the limited purpose of adding a related, and cognizable claim against defendant Carey, in addition to a retaliation claim against Cervantes.  Dckt. No. 47.

On May 28, 2010, plaintiff filed a third amended complaint.  Dckt. No. 50.  Despite the court's instructions, the third amended complaint named 45 defendants, and the allegations again consisted of a list of dozens of inmate appeals plaintiff had filed against various prison officials, regarding a broad range of concerns over a period spanning several years.  Dckt. No. 59.  While the complaint included allegations against defendants Cervantes and Carey, it failed to state a

claim against either defendant.  Plaintiff did not allege that Cervantes failed to process plaintiff's

inmate appeals in retaliation for plaintiff's exercise of any constitutionally-protected right, and

the allegations regarding Carey did not appear to be related to the allegations against Cervantes.

The court reminded plaintiff that unrelated claims against different defendants must be pursued

in separate lawsuits. The court granted plaintiff leave to file a fourth amended complaint and

specifically admonished plaintiff that any amended complaint must strictly adhere to the

directives set forth by the court and that failure to do so would result in a recommendation that

this action be dismissed without further leave to amend.  *Id.* at 5-6.

On December 2, 2010, plaintiff filed a fourth amended complaint, which was nearly

identical to the third amended complaint.  Dckt. No. 65.  Accordingly, the court dismissed the

fourth amended complaint for failure to state a claim, improper joining of claims, and failure to

comply with the court's instructions regarding the filing of an amended complaint.  Dckt. No. 67.

The court granted plaintiff *one final opportunity* to amend his complaint.  The court instructed

plaintiff that he must specifically allege what act or omission of each defendant allegedly

violated his federally protected rights, and that any amended complaint must be limited to a

retaliation claim against Cervantes, and a related claim, if any, against defendant Carey.  The

court reminded plaintiff that his remaining claims had been dismissed from this action because

they were either not cognizable or they were improperly joined.  Dckt. No. 52.

Now before the court is plaintiff's fifth amended complaint, as well as a motion for a

temporary restraining order.  Dckt. Nos. 73, 75.

## II.      Fifth Amended Complaint

The fifth amended complaint suffers from many of the same defects as plaintiffs's

previously lodged complaints.  Despite the court's previous admonishments, the complaint is not

limited to allegations supporting a retaliation claim against Cervantes, and a related claim, if any,

against defendant Carey.  Rather, plaintiff has named at least 36 defendants, and includes

lengthy, rambling and often vague and conclusory factual allegations.  *See* Dckt. Nos. 73, 74.

1  However, liberally construed, and for the limited purposes of § 1915A screening, the complaint

2  states a potentially cognizable First Amendment retaliation claim against defendants Carey and

3  Cervantes.  Plaintiff alleges that defendant Carey retaliated against plaintiff for filing a lawsuit

4  against him by directing defendant Cervantes to ignore plaintiff's inmate appeals, and that

5  defendant Cervantes retaliated against plaintiff for filing such appeals.  Plaintiff may proceed

6  with this action on his claim that Carey and Cervantes violated his First Amendment rights.

7  **III.    Temporary Restraining Order**

8        Plaintiff seeks injunctive relief to prevent prison official from placing him in

9  administrative segregation, destroying his property, or transferring him to another prison.  Dckt.

10  No. 75.  Plaintiff also claims that non-parties have interfered with medical treatment related to

11  his alleged esophagus condition.  *Id.*

12       A preliminary injunction will not issue unless necessary to prevent threatened injury that

13  would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc.*

14  *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

15  F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching

16  power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter,*

17  *Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  In order to be entitled to preliminary injunctive relief, a

18  party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer

19  irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

20  and that an injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127

21  (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth

22  Circuit Court of Appeals has also held that the "sliding scale" approach it applies to preliminary

23  injunctions as it relates to the showing a plaintiff must make regarding his chances of success on

24  the merits survives *Winter* and continues to be valid.  *Alliance for Wild Rockies v. Cottrell*, 632

25  F.3d 1127, at 1134-35 (9th Cir. 2011).  Under this sliding scale the elements of the preliminary

26  injunction test are balanced.  As it relates to the merits analysis, a stronger showing of

4

1  irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits.

2  *Id.*

3        In cases brought by prisoners involving conditions of confinement, any preliminary

4  injunction "must be narrowly drawn, extend no further than necessary to correct the harm the

5  court finds requires preliminary relief, and be the least intrusive means necessary to correct the

6  harm."  18 U.S.C. § 3626(a)(2).

7        Plaintiff's motion for injunctive relief is unrelated to the claims on which this action

8  proceeds.  Plaintiff has not adequately demonstrated that he is likely to prevail on the merits in

9  this action.  Moreover, plaintiff's motion refers to individuals who are not parties to this lawsuit.

10  The court cannot issue an order against individuals who are not parties to a suit pending before

11  it.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969).  *See also*

12  *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an

13  injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the

14  claim; it may not attempt to determine the rights of persons not before the court.").

15        Assuming a likelihood of success on the merits, plaintiff also fails to show that the

16  balance of equities and public interest weigh in favor of a preliminary injunction.  Further,

17  plaintiff has not adequately demonstrated he is likely to suffer irreparable harm in the absence of

18  preliminary relief.  The Supreme Court has held that the party seeking the injunction must prove

19  that he is likely to suffer irreparable harm in the absence of preliminary relief.  *Winter,* 555 U.S.

20  at *22.

21        Finally, plaintiff is hereby informed that inmates do not have a constitutional right to be

22  housed at a particular facility or institution or to be transferred, or not transferred, from one

23  facility or institution to another.  *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Johnson v.*

24  *Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).

25  ////

26  ////

**IV.     Conclusion**

Accordingly, it is hereby ORDERED that:

1.  Service is appropriate for defendants Carey and Cervantes.

2.  The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and one copy of the May 19, 2011 fifth amended complaint.

3.  Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 forms and three copies of the endorsed May 19, 2011 fifth amended complaint.

4.  Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants Carey and Cervantes pursuant to Federal Rule of Civil Procedure 4 without payment of costs.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Further, it is RECOMMENDED that plaintiff's August 30, 2011 motion for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 14, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6

1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10    EARNEST C. WOODS,

11              Plaintiff,                    No. CIV S-06-1857 GEB EFB P

12        vs.

13    TOM L. CAREY, et al.,

14
                Defendants.              NOTICE OF SUBMISSION OF DOCUMENTS
15    _____/

16           Plaintiff hereby submits the following documents in compliance with the court's order

17    filed _____:

18                 __1__        completed summons form
19
                   __2__        completed forms USM-285
20
                   __3__        copies of the Fifth Amended Complaint
21

22    Dated:

23                                           _____
                                                       Plaintiff
24

25

26

                                              7