IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARNEST C. WOODS,

      Plaintiff,                       No. 2:06-cv-1857 GEB EFB P

     vs.

TOM L. CAREY, et al.,

      Defendants.            <u>ORDER</u>

                                  /

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has once again requested that the court appoint counsel.

As plaintiff has been previously informed, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court still finds there are no

1

1 | exceptional circumstances in this case.

2 |     Attached to his motion for appointment of counsel is plaintiff's surreply to defendants'
3 | motion to dismiss. As a surreply is not contemplated by the Federal Rules of Civil Procedure
4 | nor this court's Local Rules, the surreply (Dckt. No. 101) will not be considered in resolving the
5 | motion to dismiss.

6 |     Accordingly, IT IS HEREBY ORDERED that:

7 |     1. Plaintiff's request for appointment of counsel (Dckt. No. 101) is denied; and

8 |     2. Plaintiff's surreply will be disregarded.

9 | DATED: September 6, 2012.

                                         EDMUND F. BRENNAN
                                         UNITED STATES MAGISTRATE JUDGE