IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST C. WOODS,

        Plaintiff,                   No. 2:06-cv-1857 GEB EFB P

    vs.

TOM L. CAREY, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The remaining defendants in this action, Carey and Cervantes, move to dismiss. For the following reasons that follow, the motion should be granted.

**I.    Background**

        This action proceeds on the fifth amended complaint filed May 19, 2011. Dckt. No. 73. On November 15, 2011, the court issued a screening order under 28 U.S.C. § 1915A concluding that plaintiff stated two potentially cognizable claims: first, against defendant Carey for retaliating against plaintiff for filing a lawsuit against him by directing defendant Cervantes to ignore plaintiff's inmate appeals, and second, against defendant Cervantes for retaliating against plaintiff for filing inmate appeals. Dckt. No. 76 at 4.

////

Prior to filing the instant action, plaintiff sued defendant Carey in two other lawsuits, one of which also named defendant Cervantes as a defendant (*Woods v. Carey, et al.*, E.D. Cal. Case No. C 05-1157 MJJ and *Woods v. Carey, et al.*, N.D. Cal. Case No. C 04-1225 LKK GGH). Dckt. No. 97-2, Defs.' Mot. to Dismiss at 3; Dckt. No. 73, Fifth Am. Compl. at 2. At all relevant times, defendant Carey was the warden of California State Prison, Solano ("CSP-Solano") and defendant Cervantes was an appeals coordinator there. Fifth Am. Compl. at 5.

Plaintiff alleges that, in 2002, he submitted an inmate appeal regarding an Institutional Classification Committee hearing, but that defendant Cervantes refused to process it. Fifth Am. Compl. at 5-6. Plaintiff later wrote to defendant Carey complaining that defendant Cervantes was preventing him from using the prison grievance process, but defendant Carey simply forwarded the letter to defendant Cervantes. *Id.* at 6. According to plaintiff, defendant Carey delegated final authority over appeals to defendant Cervantes. *Id.* Plaintiff alleges that he submitted many additional appeals regarding a variety of issues, and defendant Cervantes refused to process some of them. *Id.* at 5-6, 12, 13, 16-18.

Defendants argue that the complaint should be dismissed for failure to exhaust and failure to state a claim.

**II.     Analysis**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v.*

*Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested. The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

In the Ninth Circuit, motions to dismiss for failure to exhaust administrative remedies are normally brought under Rule 12(b) of the Federal Rules of Civil Procedure. *See Albino v. Baca*, ___ F.3d. ___, 2012 U.S. App LEXIS 19871 (9th Cir. Sept. 21, 2012). Nonetheless, it remains well established that credibility of witnesses over material factual disputes cannot be resolved on paper. Thus, when ruling on an exhaustion motion that requires the court to look beyond the pleadings in the context of disputed issues of fact, the court must do so under "a procedure closely analogous to summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003). Doing so ensures that a process is followed to test whether disputes over facts pertaining

to whether plaintiff actually exhausted available remedies are truly genuine and material and therefore warrant live testimony and a credibility determination, or whether the dispute(s) may be disposed of by unrefuted declarations and exhibits. Therefore, following the suggestion in *Wyatt*, and to assure that credibility as to disputed issues of material fact are not resolved on paper, the undersigned applies the Rule 56 standards here.[1] *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

Failure to exhaust is an affirmative defense in the sense that defendants bear the burden of proving plaintiff did not exhaust available remedies. *Wyatt*, 315 F.3d at 1119. To discharge this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

Defendants' motion to dismiss included a notice to plaintiff informing him of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 2012 U.S. App. LEXIS 19647, at *7-8 (9th Cir. Sept. 19, 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).

////

////

---

[1] Defendants rely on testimonial evidence in the form of declarations from two prison officials and a documentary record to establish the facts in support of their contention that plaintiff failed to exhaust.

4

1  Plaintiff filed the instant action on August 18, 2006. Dckt. No. 1. Accordingly, the court
2 must determine whether plaintiff exhausted his administrative remedies regarding the claims that
3 remain in this action prior to that date or, if not, whether plaintiff may be excused from the pre-
4 filing exhaustion requirement.

5  Between August 22, 2002 and August 18, 2006, plaintiff submitted 39 inmate appeals
6 that were accepted for review. Dckt. No. 97-3, Decl. of N. Danbacher ISO Defs.' Mot. to
7 Dismiss (hereinafter "Danbacher Decl.") ¶ 4. Plaintiff additionally filed 14 appeals during that
8 period that were screened out at the third level of review. Decl. of D. Foston ISO Defs.' Mot. to
9 Dismiss (hereinafter "Foston Decl.") ¶ 10. Defendants' declarants provide no information about
10 appeals that were screened out before the third level of review.

11  Of the appeals that were accepted for review, defendants have identified four potentially
12 relevant grievances: one that was exhausted before this suit was initiated and three that were
13 filed before this suit began but not resolved until after. Dckt. No. 97-2, Defs.' Mot. to Dismiss at
14 4; Dckt. No. 97-5, Foston Decl. ¶ 7. Plaintiff also filed two potentially relevant grievances after
15 initiating this suit. Dckt. No. 97-2, Defs.' Mot. to Dismiss at 4-5; Danbacher Decl. ¶ 5.
16 Accordingly, the undersigned will first look to these six grievances to determine whether they
17 properly exhausted the claims remaining in this action.

18  <u>Appeal Log. No. CSP-S-06-00396.</u> Plaintiff filed Log. No. CSP-S- 06-00396 in January
19 2006 and received a decision at the third level of review on August 1, 2006. Danbacher Decl.
20 ¶ 4 & Ex. B, Foston Decl. ¶ 7 & Ex. B. In this grievance, plaintiff complained that defendant
21 Carey authorized prison staff to allow a "civilian" to enter and vandalize his cell. Danbacher
22 Decl., Ex. B. While the grievance contains the broad statement, "Warden Carey has 'authorized'
23 his staff to retaliate based on current litigation against him" (*id.*), it is clear from the remaining
24 allegations that plaintiff complained of a single alleged instance of retaliation in which he
25 believed that defendant Carey had authorized another individual to vandalize his cell. *Id.*
26 ////

1  Nowhere does the appeal mention defendant Cervantes or indicate that plaintiff believed that
2  defendant Carey was retaliating against him by directing defendant Cervantes to ignore his
3  appeals.  Thus, Log. No. 06-00396 could not have reasonably alerted prison officials to the two
4  claims that remain in this action and cannot be used to establish exhaustion of those claims.

5         Appeal Log No. CSP-S-06-01839.  Plaintiff filed Log No. CSP-S-06-01839 in April 2006
6  and received a decision at the third level of review on October 27, 2006.  Foston Decl. ¶ 7 & Ex.
7  C, Danbacher Decl. ¶ 5 & Ex. C.  In this grievance, plaintiff complained that defendant
8  Cervantes was intentionally delaying and otherwise improperly treating his appeals.  Danbacher
9  Decl., Ex. C.  This complaint alerted prison officials to plaintiff's claim herein that defendant
10 Cervantes retaliated against him for filing appeals.  However, plaintiff did not exhaust this
11 grievance prior to filing the instant action – he received the third level decision in October 2006
12 but filed this action in August 2006.

13        Plaintiff argues that he should be excused from the pre-filing exhaustion requirement
14 because defendant Cervantes's delay in processing his appeal rendered the prison grievance
15 system unavailable.  *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (joining the
16 Fifth And Eighth Circuit Courts of Appeal in holding that a prison grievance process becomes
17 unavailable when officials indefinitely delay their response to an inmate's grievance).  However,
18 plaintiff has not demonstrated that defendant Cervantes or another prison official indefinitely
19 delayed responding to Log No. CSP-S-06-01839.  *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th
20 Cir. 2010) (holding that plaintiff bears the burden of establishing that an administrative remedy
21 was unavailable and thus be excused from exhausting that remedy).  Rather, the appeal was
22 processed from start to finish in seven months.  On July 6, 2006, defendant Cervantes sent
23 plaintiff a memorandum indicating that the processing of his appeal would be delayed due to
24 "complexity of the decision, action, or policy."  Danbacher Decl., Ex. C.  Plaintiff received the
25 second level response twenty days later.  *Id.*  Although the appeal was indeed delayed, plaintiff
26 has not shown that it was delayed *indefinitely* or to such an extent that the appeal process

effectively broke down and became unavailable. Accordingly, plaintiff should not be excused from the exhaustion requirement with regard to Log No. CSP-S-06-01839, and this grievance cannot be used to establish exhaustion.

Appeal Log No. CSP-S-06-03060. Plaintiff filed Log No. CSP-S-03060 in September 2006 and received a third level decision on April 4, 2007. Danbacher Decl. ¶ 5 & Ex. F, Foston Decl. ¶ 8 & Ex. F. In Log No. CSP-S-06-03060, plaintiff complained that defendant Cervantes unreasonably delayed, denied, and otherwise refused to process his inmate appeals. Danbacher Decl. Ex. F. This complaint alerted prison officials to plaintiff's claim herein that defendant Cervantes retaliated against him for filing appeals. However, plaintiff did not exhaust this grievance prior to filing the instant action – plaintiff did not even file Log No. CSP-S-06-01839 until the month after he filed this suit.

Plaintiff again argues that he should be excused from pre-filing exhaustion because officials delayed the processing of his grievances. However, plaintiff has not shown that the processing of Log No. CSP-S-03060 was indefinitely or unreasonably delayed. In fact, the evidence shows that the appeal was processed in less than eight months from start to finish. Because plaintiff did not exhaust Log No. CSP-S-06-03060 before filing this case and has not shown that he should be excused from exhausting Log No. CSP-S-06-03060, this appeal cannot be used to establish exhaustion.

Appeal Log No. CSP-S-06-02062. Plaintiff filed Log No. CSP-S-06-02062 in May 2006 and received a third level response on March 17, 2007. Danbacher Decl. ¶ 4 & Ex. D; Foston Decl. ¶ 8 & Ex. D. In this appeal, plaintiff complained about the procedures used at a hearing on a rules violation charge against plaintiff for sexual behavior. Danbacher Decl., Ex. D. The allegations in Log No. CSP-S-06-02062 do not correlate to any claim remaining in this action. Accordingly, this appeal cannot be used to establish exhaustion.[2]

---

[2] Additionally, plaintiff did not complete the exhaustion process on Log No. CSP-S-02062 prior to initiating this suit and has not established that officials indefinitely delayed its

7

<u>Appeal Log No. CSP-S-06-02665.</u>  Plaintiff filed Log No. CSP-S-06-02665 in July 2006 and received a third level response on July 25, 2008.  Danbacher Decl. ¶ 5 & Ex. E; Foston Decl. ¶ 8 & Ex. E.  In this appeal, plaintiff made several complaints relating to his retention in administrative segregation in connection with the sexual behavior rules violation.  Danbacher Decl., Ex. E.  The allegations in Log No. CSP-S-06-02665 do not correlate to any claim remaining in this action.  Accordingly, this appeal cannot be used to establish exhaustion.

<u>Appeal Log No. CSP-S-06-03348.</u>  Plaintiff filed Log No. CSP-S-06-03348 in September 2006 and received a third level response on April 10, 2007.  Danbacher Decl. ¶ 5 & Ex. G; Foston Decl. ¶ 8 & Ex. G.  In this appeal, plaintiff alleged that the appeals coordinator had not been receiving his appeals because custody staff were taking them out of the mail.  Danbacher Decl., Ex. G.  This appeal did not contain any allegations that defendant Cervantes was ignoring plaintiff's appeals at the direction of defendant Carey or that defendant Cervantes was otherwise mishandling his appeals to retaliate against plaintiff.  Accordingly, it did not alert prison officials to the wrongs alleged in the remaining causes of action in this suit.  Moreover, plaintiff did not file the appeal prior to filing this suit.  Because the claims therein do not correlate to any claims remaining in this action and because plaintiff failed to exhaust the appeal prior to filing suit, Log No. CSP-S-06-03348 cannot be used to establish exhaustion.

<u>Screened Appeals.</u>  Plaintiff additionally argues that defendant Cervantes improperly screened out his appeals, preventing him from exhausting his claims prior to filing this suit.  To show that administrative remedies were unavailable due to improper screening, a plaintiff must show "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations."  *Sapp*, 623 F.3d at 823-24.  Plaintiff

---

processing.

has attached documents to his opposition to the motion to dismiss showing that some appeals were screened out but not showing the original appeal form.  Plaintiff has not otherwise described the contents of the appeals that were screened out.  Without the original appeal forms or some description of the complaints plaintiff raised in those appeals, the court cannot determine whether the appeals that were screened out would have exhausted the claims remaining in this action had they not been screened.  Thus, plaintiff has failed to demonstrate that administrative remedies were unavailable with respect to the claims currently pending in this action.

Because defendants have shown that plaintiff did not exhaust his administrative remedies with respect to the remaining causes of action in this case prior to filing suit, those remaining claims must be dismissed without prejudice.  Accordingly, the court need not consider defendants' additional arguments concerning whether plaintiff has adequately pleaded his claims.

### III. Recommendations

For the foregoing reasons, it his RECOMMENDED that the July 25, 2012 motion to dismiss (Docket No. 97) be granted and the case dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 3, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE