IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST C. WOODS,

      Plaintiff,                     No. 2:06-cv-1857 GEB EFB P

      vs.

TOM L. CAREY, et al.,

      Defendants.               <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983.  Plaintiff moves to disqualify the undersigned from presiding over the instant action.  Plaintiff also requests the appointment of counsel.  For the reasons stated below, plaintiff's motions are denied.

      Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455.  A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice concerning a party, 28 U.S.C. § 455(b)(1).  Additionally, recusal is required under § 144 when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ."  Here, plaintiff fails to establish any basis, under either § 144 or § 455, for a determination that the court's impartiality

1

might reasonably be questioned, and, consequently, are insufficient as a matter of law. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a recusal motion based on bias or impartiality); *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (same); *see also United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (affidavit filed pursuant to § 144 is not legally sufficient where it contains only conclusions and is devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source). As plaintiff articulates no legitimate grounds for recusal, his motion must be denied.

Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

Accordingly, it HEREBY IS ORDERED that plaintiff's motion for disqualification of the undersigned (Dckt. No. 106) and request for appointment of counsel (Dckt. No. 107) are denied.

DATED: December 19, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2